Judge Thacher
delivered the opinion of the court.
This is error to the circuit court of Copiah county.
George Rea, one of the defendants below, filed a petition for a writ of error coram nobis. It disclosed that the petitioner had become surety upon the- forthcoming bond of John W. Scott, the defendant in the original execution of Thomas Keller, use, &c. plaintiff. That, at the time of executing the bond, the petitioner was informed by A. G. Brown, the plaintiff's attorney, that the execution whereon said bond was taken, had been satisfied by the original defendant, Scott, and that the bond was a mere form, and was never designed to be carried into effect, and that in fact said Scott had fully satisfied the judgment. Issue was joined upon the writ of error coram nobis, and a jury found in favor of Rea, and that the execution was satisfied as to him. A motion was entered for a new trial, and overruled, and the bill of exceptions sets out the testimony to the following effect. That Brown was indebted to Scott, and had agreed with him, prior to the institution of the original action, to arrange so much of his indebtedness by giving him a receipt against the judgment, when obtained, assuming himself the liability to the plaintiff, and that such receipt was given as agreed upon.
This state of things involves the question of the extent of the general power invested in an attorney at law over the suit he conducts ; as it is not alleged that any special authority was given’ by the plaintiff to his attorney, to make the agreement set forth in the bill of exceptions.
The general power of an attorney extends to the issuance of an execution. The Union Bank of Georgetown v. Geary, 5 Peters R. 99. And he is entitled to take out execution upon a judgment recovered by him for his client, to procure a satisfac *83 tion thereof by a levy on lands or otherwise, and to receive the money due on the execution, and thus discharge the execution. Erwin v. Blake, 8 Peters R. 18. The entry of a remittitur of part of the damages by an attorney before judgment, was held valid in Lamb v. Williams, 1 Salk. 89 ; 6 Mod. R. 82. It was foj: some time unsettled whether an attorney could acknowledge satisfaction without receiving the money. Payne v. Chute, 1 Roll. R. 365. It was, however, determined in Jackson v. Bartlett, 8 Johns. R. 361, that the attorney for the plaintiff in the suit has no authority, from his general character as attorney, to discharge a defendant from execution on ca. sa. until the money is paid. This doctrine was re-affirmed in Kellogg v. Gilbert, 10 Johns. R. 218. The case of Nenans & January v. Lindsey, 1 How. R. 577, is an authority of our own court upon this point. That was an agreement by plaintiff’s attorney to credit the defendant to the amount of his, own indebtedness to defendant. This court pronounced that such an act was out of the scope of the attorney’s power. The general authority of an attorney is necessarily liberal and broad during the progress of the suit, and up to the consummation of the judgment, and through the process of execution, but it cannot be permitted to extend to a power to alter or risk the rights of clients by a substitution of the character of the satisfaction of the execution. Without the consent of the plaintiff, nothing short of the payment of the amount of the judgment, in lawful money, is a satisfaction of the execution.
The judgment in this case must be reversed and a new trial of the issue upon the writ of error coram nobis, be awarded by the circuit court of Copiah county.